Gilat v Sutton (2023 NY Slip Op 05363)

Gilat v Sutton

2023 NY Slip Op 05363

Decided on October 24, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 24, 2023

Before: Manzanet-Daniels, J.P., Rodriguez, Pitt-Burke, Higgitt, Rosado, JJ. 

Index No. 651038/22 Appeal No. 883 Case No. 2023-01919 

[*1]Sarah Gilat et al, Plaintiffs-Appellants,
v
Jacob Sutton et al., Defendants-Respondents.

Montgomery McCracken Walker & Rhoads LLP, New York (Timothy J. Pastore of counsel), for appellants.
Meister Seelig & Fein PLLC, New York (Stephen B. Meister of counsel), for respondents.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered October 18, 2022, which, insofar as appealed from, granted defendants' motion to compel plaintiff Rosh, Inc. to arbitrate its claims, unanimously reversed, on the law, without costs, the motion to compel arbitration of Rosh's claims denied, and its claims severed and continued in this action.
The court should have denied the motion to compel arbitration of Rosh's claims because Rosh is a nonsignatory to the agreement that contains the arbitration clause and defendants failed to show that the direct benefits theory of estoppel applies (see Matter of Belzberg v Verus Invs. Holdings Inc., 21 NY3d 626, 631 [2013]). Under that theory, a nonsignatory may be compelled to arbitrate where it "knowingly exploits the benefits of an agreement containing an arbitration clause, and receives benefits flowing directly from the agreement" (id. [internal quotation marks omitted]).
Here, the arbitration clause was contained in a partnership agreement. However, Rosh was not a party to that agreement nor a partner in the partnership. Rather, Rosh was a ten percent owner in a limited liability company that was the general partner of the partnership. This did not constitute a direct benefit to Rosh from the partnership agreement (cf. BGC Notes, LLC v Gordon, 142 AD3d 435, 438 [1st Dept 2016], lv denied 28 NY3d 909 [2016]).
Moreover, before Rosh could be compelled to arbitrate, it had to invoke or attempt to enforce the terms of the partnership agreement (see Oxbow Calcining USA Inc. v American Indus. Partners, 96 AD3d 646, 649—650 [1st Dept 2012]). To the contrary, all of Rosh's claims were asserted under the operating agreement of the limited liability company or based on its status as a member of that company.
While we are permitted to take judicial notice of the court's subsequent order on reargument/renewal (see Matter of Sterling Natl. Bank v Freidman, 202 AD3d 495, 496 [1st Dept 2022]), the additional reasoning in that order does not mandate a different result.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 24, 2023